IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00280-BNB

TERRY W. WHITAKER,

Applicant,

v.

J. M. WILNER, Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY - 9 2008

GREGORY C. LANGHAM
                    CLERK

## ORDER OF DISMISSAL

Applicant, Terry W. Whitaker, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado. Mr. Whitaker initiated the instant action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994). He also filed a supporting brief. He paid the $5.00 filing fee.

On March 7, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Whitaker to file within thirty days an amended application that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On March 30, 2008, Mr. Whitaker submitted two amended applications titled "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" and "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," as well as a document titled "Applicant's Acceptance to Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241."

The Court must construe the amended habeas corpus applications liberally because Mr. Whitaker is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended applications will be denied.

After a jury trial in June 2000, Mr. Whitaker was found guilty on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). *See United States v. Whitaker*, No. 99-cr-00356-WYD (D. Colo. Mar. 17, 2000). On May 30, 2000, he was sentenced to 120 months of imprisonment and assessed a $100 monetary penalty. The judgment was entered on the docket on June 1, 2000. The conviction and sentence were affirmed on direct appeal. *See United States v. Whitaker*, No. 00-1231, 2001 WL 363196 (10th Cir. Apr. 12, 2001), *cert. denied*, No. 01-5334 (Oct. 1, 2001).

On May 30, 2002, Mr. Whitaker filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (2006). On August 15, 2002, the Court entered an order denying Mr. Whitaker's motion to vacate. Mr. Whitaker appealed to the United States Court of Appeals for the Tenth Circuit, which on February 4, 2003, dismissed the appeal as untimely and denied the request for a certificate of appealability.

On February 8, 2008, Mr. Whitaker filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court reviewed the application and found that the application was deficient because it failed to comply with the pleading requirements of Fed. R. Civ. P. 8. Specifically, the Court was unable to determine whether or how Mr. Whitaker was attacking his federal conviction and sentence by

asking that a debt he apparently owed be discharged and that he be released from custody. Neither the attachments to the application, the supporting brief, nor the additional documents Mr. Whitaker filed succeeded in clarifying his claims. Therefore, Magistrate Judge Boland ordered Mr. Whitaker to file an amended application that complied with the pleading requirements of Fed. R. Civ. P. 8. As previously stated, Mr. Whitaker submitted two amended applications on March 30, 2008.

In the amended applications, Mr. Whitaker asks for the discharge of a judgment lien in the amount of $250.00 he allegedly owes to the United States in No. 99-cr-00356-WYD. However, a review of the judgment in No. 99-cr-00356-WYD indicates that the only monetary penalty imposed was the $100.00 assessment. Therefore, the amended applications, like the application Mr. Whitaker originally filed, make no sense.

Mr. Whitaker's amended applications fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); **Browder v. Director, Dep't of Corrections**, 434 U.S. 257, 269 (1978); **Ewing v. Rodgers**, 826 F.2d 967, 969-70 (10th Cir. 1987).

Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal

3

pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended applications do not meet the requirements of Fed. R. Civ. P. 8 and that the amended applications must be denied. Accordingly, it is

ORDERED that the amended applications are denied and the action is dismissed without prejudice for Applicant, Terry W. Whitaker's, failure to comply with the directives of the March 7, 2008, order for an amended application that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this 9 day of May, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-00280-BNB

Terry W. Whitaker
Reg. No. 29176-013
FCI - Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/9/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk